UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) C/A No. 0:05-3080-DCN-BM |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| **A. Rollins**, Corporal at Allendale Correctional Institution; | ) |
| **NFN Odom**, Sergeant at Allendale Correctional Institution; and | ) |
| **Linda Martin**, Grievance Coordinator at Allendale Correctional Institution, in their personal capacity, | ) |
| Defendants. | ) |

The Plaintiff, Theron Johnny Maxton, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Allendale Correctional Institution (ACI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that he has been subjected to sexual harassment and mental anguish by the Defendants, all of whom are employees at ACI. Plaintiff also alleges that defendant Martin has not processed "most" of the Plaintiff's grievances. Plaintiff states that he has exhausted his SCDC administrative remedies, and seeks: *(1)* an injunction against all the defendants; *(2)* actual and punitive damages against each defendant "for a total of $ 50,000,000 Dollars[;]" and *(3)* "mental Anguish Damages[.]"



1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, Plaintiff's complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



ignore a clear failure in the pleading to allege facts on which a valid claim can be maintained. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, this case is subject to summary dismissal pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It can be judicially noticed that the Plaintiff has filed more than three prior frivolous cases in this court, which have been deemed strikes.[2]  Hence, in order to proceed without payment of the filing fee and other court costs, Plaintiff must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[3]  Plaintiff fails to make such a showing in his complaint. Applying liberal construction to the complaint by viewing the facts alleged for an inference of imminent danger of serious harm, the undersigned finds no such allegations because verbal sexual harassment does not place the Plaintiff in imminent danger of serious physical injury.

---

[2]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); See also United States v. Webber, 396 F.2d 381, 386-387 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

[3]A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice.  Sufficient factual allegations must be set forth to reach this threshold.  See Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").



Moreover, the alleged act of physical sexual harassment took place on March 30, 2005, almost seven (7) months before the complaint was delivered to prison officials for mailing. *See* Banos v. O'Guin, 144 F.3d 883, 884-885, 1998 U.S.App. LEXIS® 15053 (5th Cir. 1998)(in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); Malik v. McGinnis, 293 F.3d 559, 562-563, 2002 U.S.App. LEXIS® 10978 (2nd Cir. 2002)(imminent danger exception to three strikes rule applies only when danger of serious physical injury exists at the time the complaint is filed); and Ashley v. Dilworth, 147 F.3d 715, 717, 1998 U.S.App. LEXIS® 13020 (8th Cir. 1998)(allegations that prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). *See also* Report and Recommendation submitted by the undersigned on June 18, 2001, in Maxton v. Ulrich, Civil Action No. 0:01-2552-18BD: "Since the events that placed the petitioner's life in danger happened more than one month prior to the mailing of the pleadings, the petitioner fails to satisfy the requirement of imminent physical harm at the time he mailed his pleadings." (Report and Recommendation filed on June 18, 2001, in Civil Action No. 0:01-2552-18BD, at pages 10-11, *adopted* by the Honorable David C. Norton, United States District Judge, on July 12, 2001). Plaintiff's appeal in Civil Action No. 0:01-2552-18BD (Fourth Circuit Docket No. 01-7198) was dismissed under Rule 45 by the Court of Appeals on September 10, 2001.

      As a result, the undersigned does not find that the Plaintiff's claims relating to his prison job and verbal sexual harassment fall within the "imminent danger of serious physical injury" exception to the "three strikes" rule, and, therefore, this case is subject to summary dismissal under that rule. *See* 28 U.S.C. § 1915(g). *See also* Witzke v. Hiller, 966 F. Supp. 538, 539, 1997 U.S.Dist. LEXIS® 7180 (E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426, 1997 U.S.Dist. LEXIS® 12968



(E.D.Mich. 1997).  *Cf.* In re Sargent (Cox v. Saunders), 136 F.3d 349, 1998 U.S.App. LEXIS® 2059 (4th Cir. 1998), *cert. denied*, Cox v. Sargent, 525 U.S. 854, 1998 U.S. LEXIS® 5389 (1998).[4]

Further, Plaintiff's claims in the above-captioned case have already been addressed in a prior civil action, which was filed on May 20, 2005.   Theron Johnny Maxton v. Abdulla Muhammad, *et al.*, Civil Action No. 0:05-1428-DCN-BM.[5] In a Report and Recommendation filed on May 24, 2005, the undersigned recommended summary dismissal of that case because allegations pertaining to the Plaintiff's prison job and sexual harassment did not satisfy the exception to the "three strikes" rule of 28 U.S.C. § 1915(g).  Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so, but no objections were filed.  On June 14, 2005, Judge Norton adopted the Report and Recommendation, and no appeal was filed. The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 0:05-1428-DCN-BM was subject to summary dismissal.  *See* Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

---

[4]If Plaintiff pays the full filing fee, he will no longer be proceeding under 28 U.S.C. § 1915, and subsection (g) would no longer be applicable.

[5]The Plaintiff also raised similar allegations in a mandamus action filed on April 19, 2005: Maxton v. Linda Martin, *et al.*, Civil Action No. 0:05-0764-DCN-BM.  In a Report and Recommendation filed in Civil Action No. 0:05-0764-DCN-BM on April 25, 2005, the undersigned recommended summary dismissal of the case under the holding in Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). The Plaintiff (the "petitioner" in Civil Action No. 0:05-0764-DCN-BM) was apprised of his right to file timely written objections to the Report and Recommendation in Civil Action No. 0:05-0764-DCN-BM and of the serious consequences of a failure to do so.  No objections were filed.  On May 18, 2005, Judge Norton adopted the Report and Recommendation in Civil Action No. 0:05-0764-DCN-BM.  No appeal was filed in Civil Action No. 0:05-0764-DCN-BM.

5



> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The Plaintiff's attention is directed to the Notice on the next page.

                                          Respectfully submitted,

November 7, 2005                      Bristow Marchant
Columbia, South Carolina         United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

  The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
